IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAMARIO MCFARLENE,

        Plaintiff,

v.                                                          CIV No. 14-147 MV/GBW

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

        Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on the Commissioner's objections (*doc. 31*) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 30*) on Plaintiff's Motion to Reverse or Remand the Social Security Administration's decision to deny Plaintiff's application for disability benefits (*doc. 20*). Being fully advised, I will OVERRULE the objections and ADOPT the PFRD.

I.     BACKGROUND

On March 10, 2015, Magistrate Judge Gregory B. Wormuth issued his Proposed Findings and Recommended Disposition recommending that the Court grant Plaintiff's motion to remand this case to the Commissioner. *Doc. 30.* The Magistrate Judge recommended finding that the ALJ erred at step five of the analysis (1) in determining that significant jobs existed in the national economy, and (2) in failing to resolve a

1

conflict between the vocational expert's (VE) testimony and the Dictionary of Occupational Titles (DOT). *Id.* The Commissioner filed objections to the PFRD on March 25, 2015, in which she contested both of these recommended findings. *Doc. 31.*

## II. STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III. ANALYSIS

### A. The ALJ Erred in Determining that Jobs Conforming to Plaintiff's RFC Existed in Significant Numbers in the National Economy

In his PFRD, the Magistrate Judge concluded that the ALJ relied on the wrong figures in determining that Plaintiff could perform jobs existing in significant numbers in the national economy. At the hearing, the VE testified that an individual with Plaintiff's residual functional capacity (RFC) could perform the jobs of final assembler, ticket taker, and hand packer, for which there were more than one million jobs available nationally. AR at 59-60. However, Plaintiff's attorney later elicited testimony from the VE that this figure did not correspond to the three specific DOT titles the VE identified,

2

but rather to all "similarly grouped" jobs. Nevertheless, in making her determination that a significant number of jobs existed, the ALJ erroneously relied on the number of similarly grouped jobs, rather than on the much more limited number of jobs available as a final assembler, ticket taker, and hand packer. Although the VE testified that these three DOT titles were "representative" of other jobs Plaintiff could perform, she never testified that Plaintiff could, in fact, perform all similar jobs in the larger group given his RFC. *See* AR at 60-68.

> 1. *The ALJ relied on the wrong figures in determining that significant jobs existed*

The Commissioner maintains that the Magistrate Judge incorrectly found "that the ALJ relied on incorrect numbers of jobs in rendering his [sic] decision that the jobs existed in significant numbers." *Doc. 31* at 2. In her objections, she simply reiterates the argument that, because the similarly grouped jobs have only minor variations, and because the Commissioner's policies allow for flexibility, the Court should have found that the ALJ relied on the correct numbers when she considered the larger figures representing the total grouped jobs. The Court disagrees.

At step five, the burden is on the ALJ "to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found him to have." *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999). To meet this burden, "the ALJ 'must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual

3

lives or in several regions of the country." *Id.* (quoting SSR 96–9p, 1996 WL 374185, at *5 (1996)). Here, the ALJ erroneously cited to groups of jobs as opposed to specific job titles. The Court agrees with the Magistrate Judge that this was error. *See Carpenter v. Astrue,* 5367 F.3d 1264, 1270-71 (10th Cir. 2008). The objection is therefore OVERRULED.

    2. *The ALJ should have conducted a* Trimiar *analysis*

The Commissioner next contends that the Magistrate Judge erred in concluding that the ALJ should have conducted an analysis of whether the jobs available to Plaintiff existed in significant numbers under *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992), because this analysis is limited "to situations where the incidence of jobs is small enough to put the issue in a gray area . . . ." *Doc. 31* at 3. The Commissioner relies on two Tenth Circuit cases in arguing that the number of jobs at issue in this case was not low enough to require an analysis under *Trimiar*. Unfortunately for the Commissioner, neither case supports her position.

In *Allen v. Barnhart*, the Commissioner of the Social Security Administration asked the Tenth Circuit to hold that one hundred statewide jobs constituted work that existed in significant numbers. 357 F.3d 1140, 1144 (10th Cir. 2004). The Tenth Circuit declined to do so, stating that "judicial line-drawing in this context is inappropriate" because the evaluation of whether substantial jobs exist should be left to the ALJ. *Id*. Consequently, the Commissioner's argument that "the incidence of the individual jobs . . . [that Plaintiff can perform] are [sic] considerably larger than that cited in *Allen*" has

4

no meaning because the *Allen* court never made a determination as to what constituted a significant number.

Next, in *Kelley v. Chater*, the Tenth Circuit held that the ALJ's conclusion that 615,072 jobs nationally constituted a significant number was supported by substantial evidence. 62 F.3d 335, 338 (10th Cir. 1995). But the court did not hold, as the Commissioner would suggest, that the *Trimiar* factors need not be applied. To the contrary, the court actually cited the *Trimiar* factors in upholding the ALJ's decision. While the *Kelley* court was willing to conduct the *Trimiar* analysis itself, the 615,072 jobs in that case was a considerably larger figure—by a factor of 100—than the number involved here. *See doc. 30* at 10 (finding that there were "fewer than 6,000 full-time jobs available nationally that Plaintiff can perform"). Under the facts of this case, it is more appropriate for an ALJ to conduct that analysis. This objection is OVERRULED.

### B. The ALJ Erred When She Failed to Resolve a Conflict Between the VE's Testimony and the DOT

The Magistrate Judge also found that the ALJ erred by failing to resolve a conflict between the VE's testimony and the DOT. Specifically, the Magistrate Judge found an apparent conflict between the VE's testimony that the job of hand packer complied with Plaintiff's RFC, and the limitations of this job noted in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), the companion volume to the DOT. In her objections, the Commissioner urges the Court to deny Plaintiff's motion to remand—even assuming a conflict existed between Plaintiff's

RFC and the job of hand packer—because "there is no discrepancy between the requirements of the two other jobs the vocational expert cited and the residual functional capacity the ALJ found . . . ." *Doc. 31* at 3. By implication, the Commissioner asks the Court to hold as a matter of law that the number of remaining jobs for the two other positions is "significant."

Whenever there is a conflict between the VE's testimony and the DOT, the ALJ "***must*** resolve this conflict ***before*** relying on the VE . . . to support a determination or decision that the individual is or is not disabled." *Titles II & XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (emphasis added). The Commissioner does not dispute this point of law. Here, because the ALJ manifestly failed to resolve the apparent conflict, she erroneously relied on the VE's testimony concerning the position of hand packer in making her decision that a significant number of jobs existed in the national economy. The Commissioner now asks the Court to conclude that, even setting aside the position of hand packer, significant jobs exist. The Court declines to do so. As stated above, the determination of whether substantial jobs exist should be left to the ALJ. The Court is "empowered only to 'review the ALJ's decision for substantial evidence,' and . . . 'not . . . to draw factual conclusions on behalf of the ALJ.'" *Allen*, 357 F.3d at 1144 (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001)). Moreover, the burden rests with the Commissioner at this step of the analysis, and "[t]o relieve the ALJ of the burden to thoroughly develop the vocational

6

evidence at step five would shift the burden to the claimant . . . and . . . contravene basic principles of social security law . . . ." *Haddock*, 196 F.3d at 1090. For the foregoing reasons, this objection is OVERRULED.

## IV. CONCLUSION

Wherefore, IT IS HEREBY ORDERED that Judge Wormuth's Proposed Findings and Recommended Disposition (*doc. 30*) is ADOPTED, Defendant's objections (*doc. 31*) are OVERRULED, and Plaintiff's Motion to Reverse and Remand (*doc. 20*) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE